The judgment is reversed, and the cause remanded.

## COX v. STATE.
### No. 13225.

Court of Criminal Appeals of Texas.
April 9, 1930.

W. J. Oxford, of Stephenville, and L. J. Wardlaw, of Fort Worth, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for murder; punishment, seven years in the penitentiary.

In this case the indictment failed to allege that the killing was upon malice afore-

thought. In such condition of the record, the trial court was in error in submitting to the jury the question of awarding to the accused a penalty greater than five years. When the indictment does not allege a killing upon malice aforethought, it is an error for the court to submit to the jury a greater penalty than that allowed as punishment for a killing without malice. If the state desires to secure a conviction with a penalty greater than five years, the indictment must allege and the facts show that the killing was with malice aforethought.

The judgment is reversed, and the cause remanded.